UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
CIVIL NO. 23-595(DSD/TNL)

Elizabeth J. Ziegler, an individual,
and Nichole L. Dietel, an individual,

Plaintiffs,

v.                                                    **ORDER**

3M Company,

Defendant.

Lexis Anderson, Esq. and Barnes Law LLP, 700 South Flower Street, Suite 1000, Los Angeles, CA 90017, counsel for plaintiffs.

Patrick R. Martin, Esq. and Ogletree, Deakins, Nash, Smoak & Stewart, P.C. 225 South Sixth Street, Suite 1800, Minneapolis, MN 55402, counsel for defendant.

This matter is before the court upon defendant 3M Company's motion to dismiss. Based on a review of the file, record, and proceedings herein, and for the following reasons, the motion is granted.

**BACKGROUND**

This employment discrimination dispute arises from the employment of plaintiffs Elizabeth Ziegler and Nichole Dietel at defendant 3M Company. Plaintiffs worked for 3M during the COVID-19 pandemic and continue to work there today. Am. Compl. ¶¶ 5-6.

In September 2021, 3M required all employees to be vaccinated for COVID-19 by December 8, 2021. <u>Id.</u> ¶ 12. 3M allowed employees to request an exemption and/or accommodation and provided forms on which they could do so. <u>Id.</u> ¶ 14. Both plaintiffs submitted religious exemption requests on October 28, 2021, based on their Christian beliefs. <u>Id.</u> ¶¶ 15, 33; <u>id.</u> Exs. A, E. At that time, they asked only for exemptions, not accommodations. <u>See id.</u> Exs. A, E. 3M asked plaintiffs for additional information to evaluate their requests more fully. <u>Id.</u> ¶¶ 17-18, 40-41.

Ziegler responded by citing to the Bible as her basis for religious exemption and the fact that fetal stem cells were used to develop the vaccine. <u>See id.</u> Ex. B. She also requested accommodations for the first time as follows: social distancing, wearing a face covering, washing hands, sanitizing her surroundings, and monitoring her health. <u>Id.</u> She acknowledges that those accommodations were already in place at 3M. Am. Compl. ¶ 24. She claimed that the exemption denial constituted religious discrimination in violation of federal law. <u>See id.</u> Ex. B, at 4.

Dietel likewise cited her faith as the basis for her request. She refused, however, to answer questions about previous medications she may have taken that were "created, researched, tested or otherwise involved the use of stem cells." <u>Id.</u> Ex. F,

at 2-3. She also claimed that the vaccine mandate was "despicable/tyrannical/illegal" and cited to federal law. Id. at 3. Dietel further claimed that she did not require the vaccination because she was naturally immunity to COVID-19 given a previous bout with the virus. Am. Compl. ¶ 38. 3M denied both plaintiffs' requests for an exemption. Id. ¶¶ 25, 42.

Ziegler alleges that thereafter she was "harassed daily by email, manager visits, and corporate reminders" to receive the vaccine, which caused her "emotional trauma and stress." Id. ¶ 26. She also complains that she was required to wear a mask unlike her vaccinated co-workers, notwithstanding her previous request that she be allowed to wear a mask as an accommodation given her refusal to get vaccinated. Id. ¶ 27; see id. Ex. B. She alleges that she had to be prescribed anxiety medication because she was concerned that she would be fired for refusing the vaccine. Am. Compl. ¶ 28. Dietel makes similar allegations. Id. ¶¶ 44-46. It is undisputed that neither plaintiff was fired, demoted, or subject to disciplinary action for their refusal to be vaccinated.

On December 13, 2022, Ziegler filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC), alleging that 3M discriminated against her because of her religious beliefs,

in violation of Title VII of the Civil Rights Act of 1964 (Title VII). Id. Ex. C, at 1.[1] She listed November 22, 2021, as the last date of the discrimination. Id. She did not mention or even allude to instances of religious harassment in the charge nor did she indicate that she was subject to a hostile work environment. See id. The EEOC issued a right-to-sue letter on December 12, 2022, stating that any lawsuit must be filed within 90 days of receipt of the letter. Id. Ex. D, at 1.

On January 20, 2023, Dietel also filed a charge of discrimination with the EEOC. Am. Compl. ¶ 47; Martin Decl., ECF No. 15, Ex. 1, at 2.[2] Dietel claimed that 3M discriminated against her on religious grounds by requiring her to wear a mask. Martin Decl. Ex. 1, at 2. She stated that the discrimination occurred between October 1, 2021, and January 5, 2022. Id. at 1. Like Ziegler, Dietel did not claim that she was subject to harassment, either directly or indirectly, and did not even suggest that she experienced a hostile work environment. See id. at 2. On January 23, 2023, the EEOC dismissed the charge as untimely. Am. Compl. Ex. G. The EEOC also provided notice that any lawsuit relating

---

[1] Exhibit C is mismarked as Exhibit A. The court will refer to it as Exhibit C to avoid confusion with the actual Exhibit A.

[2] Plaintiffs did not attach Dietel's EEOC charge to their complaint, but 3M has properly provided it to the court.

4

to the matter must be filed within 90 days of receipt of the dismissal letter.  Id.

On March 12, 2023, plaintiffs commenced this action alleging that 3M harassed them on the basis of their religion, in violation of Title VII and the Minnesota Human Rights Act (MHRA).  They filed an amended complaint on April 23, 2023, adding a claim for hostile work environment under Title VII and the MHRA.  3M now moves to dismiss on various grounds.

## DISCUSSION

### I.  Standard of Review

To survive a motion to dismiss for failure to state a claim, "'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).  "A claim has facial plausibility when the plaintiff [has pleaded] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)).  Although a complaint need not contain detailed factual allegations, it must raise a right to relief above the

speculative level.   _Twombly_, 550 U.S. at 555.   "[L]abels and conclusions or a formulaic recitation of the elements of a cause of action" are not sufficient to state a claim.   _Iqbal_, 556 U.S. at 678 (citation and internal quotation marks omitted).

## II.   Exhaustion of Administrative Remedies

3M first argues that plaintiffs' claims should be dismissed because they failed to exhaust their administrative remedies. Specifically, 3M contends that plaintiffs' religious harassment and hostile work environment claims cannot be raised now because they were not a part of their EEOC charges.   The court agrees.

"Exhaustion of administrative remedies is a condition precedent to the filing of an [employment discrimination] action ... in federal court."   _Shelton v. Boeing Co._, 399 F.3d 909, 912 (8th Cir. 2005).   This requirement allows the EEOC the "initial opportunity to investigate allegations of employment discrimination and to work with the parties toward voluntary compliance and conciliation."   _Id._   Although an administrative charge is liberally construed for this purpose, "there is a difference between liberally reading a claim which lacks specificity, and inventing, _ex nihilo,_ a claim which simply was not made."   _Id._ (quoting _Shannon v. Ford Motor Co._, 72 F.3d 678, 684 (8th Cir, 1996)).   As such, "the claims of employment

discrimination in the complaint may be as broad as the scope of the EEOC investigation which reasonably could be expected to result from the administrative charge." Id.

In other words, "courts consider claims specifically raised and those that are 'like or reasonably related to the administrative charges that were timely brought.'" Willman v. Farmington Area Pub. Sch. Dist. (ISD 192), No. 21-cv-1724, 2022 WL 4095952, at *6 (D. Minn. Sept. 7, 2022) (quoting Wedow v. City of Kansas City, 442 F.3d 661, 672 (8th Cir. 2006)). "The type of claim that is considered 'like or reasonably related to' a properly exhausted claim that was brought before the EEOC is incredibly narrow ... and courts require that '[e]ach incident of discrimination and each retaliatory adverse employment decision ... be individually addressed before the EEOC.'" Id. (quoting Sellers v. Deere & Co., 791 F.3d 938, 943 (8th Cir. 2015)).

Here, the amended complaint contains no allegations – whether explicit or implicit - of harassment or a hostile work environment. Any claimed instances of harassment or hostile work environment, as cursorily alleged in the complaint, are notably absent from the EEOC charges. Instead, plaintiffs simply claimed that they were discriminated against on the basis of their religion because 3M failed to exempt them from the vaccine mandate. As a result, even

liberally construed, the court cannot conclude that plaintiffs' EEOC charges raised allegations of harassment or a hostile work environment. Indeed, although Ziegler bothered to note that she was not terminated or subject to disciplinary action following her refusal to get vaccinated, she did not provide any indication that she otherwise faced negative consequences – in the form of harassment, hostile work environment, or otherwise – in her charge. Dietel noted in her charge that she was required to wear a mask, unlike vaccinated employees, but she did not allege or even suggest that having to do so constituted harassment or created a hostile work environment. Under these circumstances, the court cannot conclude that plaintiffs exhausted their administrative remedies with respect to the claims raised in their amended complaint.

**III. Timeliness of Claims**

Even if administratively exhausted, plaintiffs' MHRA and Title VII claims are untimely. An MHRA claim must be filed within one year of the alleged discriminatory conduct. Minn. Stat. § 363A.28, subdiv. 3. A Title VII discrimination charge must be filed with the EEOC within 300 days "after the alleged unlawful employment practice occurred." 42 U.S.C. § 2000e-5(e)(1); see also Wilson v. Brinker Int'l, Inc., 382 F.3d 765, 769 (8th Cir. 2004). The limitations period begins on the occurrence of the

discriminatory act, not when "the consequences of that act become most painful." Turner v. IDS Fin. Servs., Inc., 471 N.W.2d 105, 107 (Minn. 1991). The date a discriminatory act "occurred" depends on whether the discriminatory conduct is a continuing violation or a discrete act. Taxi Connection v. Dakota, Minn. & E. R.R. Corp., 513 F.3d 823, 825 (8th Cir. 2008); see also Mems v. City of St. Paul, Dep't of Fire & Safety Servs., 327 F.3d 771, 784 (8th Cir. 2003).

Here, Ziegler alleges that 3M's discriminatory conduct ended on November 22, 2021, and Dietel alleges that it ended on January 5, 2022. Neither claim is timely. Having stated an end date of November 22, 2021, Ziegler was required to assert her MHRA claim within one year, or by November 22, 2022. She filed her EEOC charge on December 13, 2022, more than one year after the alleged discrimination ended and filed this lawsuit a few months later on March 12, 2023. Neither the charge nor the complaint is timely under the MHRA.

Dietel's MHRA claim is likewise untimely as she filed her EEOC charge on January 20, 2023, and this case on March 12, 2023, both of which are more than one year after Dietel stated the alleged discrimination ended.

Plaintiffs' Title VII claim fares no better.  The time period for filing a charge with the EEOC is 300 days, and neither Ziegler nor Dietel filed a charge within that time period.

Plaintiffs briefly argue that the complaint is timely because they were subject to continuing violations, which would, if true, extend the limitations period.  But neither their EEOC charges nor the amended complaint plausibly alleges a continuing violation, even if liberally construed.  A continuing violation occurs when "the acts complained of are part of the same unlawful employment practice." Mems, 327 F.3d at 774 (citing Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101 (2002)).  For example, hostile environment claims may be deemed continuing violations because "[t]heir very nature involves repeated conduct," and the unlawful practice "cannot be said to occur on any particular day." Morgan, 536 U.S. at 115; see also Walsh v. Nat'l Computer Sys., 332 F.3d 1150, 1157 (8th Cir. 2003) ("Because [plaintiff] has alleged a continuing pattern of related discriminatory events rather than discrete discriminatory actions, her hostile environment claim falls squarely within the Morgan continuing violation theory.").  If the alleged unlawful practice is a continuing violation, only one of the alleged discriminatory acts need fall within the limitations period. Morgan, 536 U.S. at 115.

10

Again, there are no specific allegations of continuing violations in the EEOC charges or the amended complaint. The EEOC charges contain no hint of continuing violations and instead pinpoint an end date to the alleged discrimination. In the amended complaint plaintiffs state that they were harassed, but provide no discrete instances of such harassment and no indication as to when that alleged harassment may have ended. Accordingly, even if fully exhausted, plaintiffs' claims are untimely

## IV. Failure to State a Claim

The amended complaint is untenable for the additional reason that it fails to state a claim. Plaintiffs claim they were harassed and subjected to a hostile work environment because of their religion - the basis for their refusal to get vaccinated. To survive a motion to dismiss on such a claim, plaintiffs must show that (1) they are members of a protected class; (2) they experienced unwelcome harassment; (3) the harassment was based on their religion; (4) the harassment affected a term, condition, or privilege of their employment; and (5) 3M knew or should have known of the harassment and failed to act. Dowd v. United Steelworkers of Am., Local No. 286, 253 F.3d 1093, 1101 (8th Cir. 2001). The harassment "must be extreme to amount to a change in the terms and conditions of employment." Faragher v. City of Boca Raton, 524

U.S. 775, 788 (1998).   The conduct must be both severe and pervasive, viewed objectively and subjectively.   <u>Howard v. Burns Bros., Inc.</u>, 149 F .3d 835, 840 (8th Cir.1998).   "When the workplace is permeated with 'discriminatory intimidation, ridicule, and insult, ... that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment, ... Title VII is violated."   <u>Harris v. Forklift Sys., Inc.</u>, 510 U.S. 17, 21 (1993) (internal citations and quotation marks omitted).[3]

Plaintiffs' claims of religious harassment fail because they have not shown that they experienced unwelcome harassment based on their religion.   They allege that they were "harassed" by 3M because it pressured them to get vaccinated, denied their requests for an exemption, and required them to wear a mask given their unvaccinated status.   They provide no specific examples of the harassment and fail to claim that 3M in any way referenced their religion as a basis for its conduct.   Indeed, there are no allegations that 3M was applying the vaccine mandate unfairly to them because of their religion.   It is undisputed that all

---

[3]  The same standard applies to claims brought under the MHRA.   <u>Scott v. Cnty. of Ramsey</u>, 180 F.3d 913, 917 (8th Cir. 1999); <u>Smith v. Datacard</u>, 9 F. Supp. 2d 1067, 1078-79 (D. Minn. 1998); <u>Hubbard v. United Press Int'l, Inc.</u>, 330 N.W.2d 428, 441 (Minn. 1983).

employees were subject to the same mandate.  As such, plaintiffs have not plausibly tied the alleged harassment to their religion.

Additionally, plaintiffs do not allege the kind of severe and pervasive harassment required to adequately plead their claims. Although they allege that they were anxious they would lose their jobs, they do not allege that they suffered any adverse employment consequences and acknowledge that they were not disciplined.  As a result, the amended complaint simply does not allege the kind of extreme behavior required under the law to proceed to discovery.

**V.   Leave to Amend**

Plaintiffs request that they be allowed to replead should the court determine that the amended complaint is inadequate.  Given the above assessment, the court must deny that request. Additional pleading will not yield a different result given the infirmities present in the case.

**CONCLUSION**

Accordingly, based on above, **IT IS HEREBY ORDERED** that:

1.    The motion to dismiss [ECF No. 12] is granted; and

2.    The case is dismissed with prejudice.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated: August 3, 2023

s/David S. Doty
David S. Doty, Judge
United States District Court

14